David J. McGlothlin (SBN: 026059)
david@westcoastlitigation.com
Hyde & Swigart
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Attorneys for Plaintiff
Lisa Souza

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| Lisa Souza | Case No: _____ |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | |
| Webcollex LLC d/b/a CKS Financial | **Jury Trial Demanded** |
| Defendant. | |

### INTRODUCTION

1. Lisa Souza, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Webcollex LLC d/b/a CKS Financial, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in Arizona.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

### JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

8. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

10. At all times relevant, Defendant conducted business within the State of Arizona.

### PARTIES

11. Plaintiff is a natural person who resides in the City of Phoenix, State of Arizona.

12. Defendant is located in the City of Chesapeake, in the State of Virginia.

13. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

15. Sometime before April 2015, Plaintiff is alleged to have incurred certain financial obligations.

16. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

17. Sometime thereafter, but before April 2015, Plaintiff allegedly fell behind and defaulted on the payments allegedly owed on the alleged debt. As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

18. Subsequently, but before April 2015, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

19. On or about April 2015, Plaintiff received a telephone call from Defendant at Plaintiff's place of employment. This telephone call was a "communication" as 15 U.S.C. §1692a(2) defines that term.

20. During this first conversation with Defendant, Plaintiff advised Defendant that Plaintiff's employer prohibited Plaintiff from receiving such communications at Plaintiff's place of employment in a manner consistent with 15 U.S.C. §1692c(a)(3), and also advised Defendant that calls at Plaintiff's place of employment was inconvenient, as prescribed in 15 U.S.C. §1692c(a)(1).

21. To further ensure that Plaintiff did not receive calls at her place of employment, she willingly provided her cell phone number to Defendant.

22. Despite Plaintiff's request to not receive calls at her place of employment, Defendant placed several more calls to Plaintiff's work.

23. Because Defendant knew or had reason to know that the Plaintiff's employer prohibits Plaintiff from receiving such communications and that such calls

were inconvenient, this action by Defendant violated 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692c(a)(3).

24. Plaintiff had several conversations with Defendant's agent Wilhelmina.

25. During these conversations, Defendant's agent threatened to garnish Plaintiff's wages if she did not agree to make a payment in the amount of $250 per month.

26. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

27. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

28. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

29. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

30. Due to Defendant's abusive tactics Plaintiff finally agreed to make a monthly payment of $124.48 to Defendant and then provided her debit card information.

31. In early July, Plaintiff realized she would not have enough money for basic necessities if Defendant withdrew the payment scheduled for July 24, 2015.

32. Therefore, on or about July 15, 2015 Plaintiff called Defendant to inform them that she intended to file bankruptcy and therefore withdrew permission for Defendant to make the withdraw scheduled on July 24, 2015.

33. During this conversation Defendant falsely implied to Plaintiff they would only stop the scheduled payment if Plaintiff provided the name, and contact information of her bankruptcy attorney, as well as a bankruptcy case number.

34. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

35. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

36. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

37. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

38. Due to Defendant's abusive conduct, Plaintiff suffered emotional distress and mental anguish type damages that manifested in symptoms including but not limited to stress, anxiety, humiliation, embarrassment, sadness, helplessness, hopelessness, sleeplessness, headaches, and fear of answering the telephone all impacting her personal and professional relationships.

### CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

39. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

40. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

41. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

42. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: July 17, 2015

By: **/s/ David J. McGlothlin**
David J. McGlothlin
Attorneys for Plaintiff